On Rehearing
A rehearing was granted in this case because our later decision in Ohio Oil Company v. Ferguson et al., 213 La. 183,34 So.2d 746 was directly contrary in principle to the original opinion herein. Subsequently, a rehearing was granted in the Ohio Oil Company case and both matters have been argued and submitted at the same time for our final decision.
The important question presented in these cases is whether owners of a fractional area of a mineral servitude may avoid the extinguishment of their rights by prescription of non-user, where the running of prescription has been interrupted as to others by use of the servitude in another area (or, as in this matter, suspended by ownership of minors), on the theory that to sustain prescription would sanction a division of the servitude in violation of Article 656 of the Civil Code and contrary to the prior jurisprudence.
The facts of this case have been fully stated in our original opinion and it would *Page 288 
serve no useful purpose to repeat them here. Suffice it to say that plaintiffs, who are the widow and heirs of W. J. Byrd, are seeking to have cancelled and erased from the conveyance office of Claiborne Parish the instruments whereunder Byrd transferred to W. M. Brothers a one-half interest in and to the minerals underlying a 160 acre contiguous tract of land insofar as they affect the SE1/4 of the NW1/4 Section 17, Township 19 N., Range 5 W. (now held by the defendants under conveyance from Brothers), on the ground that their mineral interest in this 40 acre tract has been extinguished by the ten year precription of non-user provided by Article 789 of the Code.
The contention of the defendants is that, since a portion of the area of the servitude (of which the 40 acre tract forms a part) is fractionally owned by minors, the running of prescription has been suspended under Article 802 of the Code even though the minors are not their co-proprietors because the area acquired by the minors is outside of the 40 acre tract in controversy.
This proposition has this day been rejected by our decision on rehearing in Ohio Oil Company v. Ferguson et al., where all of the points raised by the defendants have been fully discussed and resolved against them. The reasons given in that matter control the result here and compel a reversal of the judgment below.
For the reasons assigned, the judgment appealed from is reversed and it is decreed *Page 289 
that there be judgment herein in favor of plaintiffs, Etta B. Byrd, Leonard H. Byrd, Horace G. Byrd, Elvy B. Watson, Vyna B. Pierce, Novice B. Gantt, Nevis B. Harmon and Varner M. Byrd and against the defendants, J. M. Forgotson, J. E. Smitherman, Mrs. Mabel M. Palmer, John R. Palmer, Nellie Norton, the Atlantic Refining Company and Triangle Drilling Company, Inc., sustaining the plea of prescription of ten years liberandi causa and ordering and directing the cancellation of any and all instruments filed of record in the Parish of Claiborne under which the defendants claim any right, title and interest in and to the minerals underlying the SE1/4 of the NW1/4 of Section 17, Township 19 N., Range 5 W., Claiborne Parish, Louisiana.
All costs of this suit are to be paid by defendants. We reserve to them the right to apply for a rehearing.
O'NIELL, C. J., concurs in the decree for the reasons given in the majority opinion rendered on the original hearing of the case of Ohio Oil Co. v. Ferguson, 213 La. 183, 34 So.2d 746.
FOURNET, J., dissents for the reasons assigned in the original opinion and for the reasons assigned in his dissenting opinion to the case of Ohio Oil Co. v. Ferguson et al., 213 La. 183,34 So.2d 746.
PONDER, J., dissents.
HAMITER, J., concurs in the decree.
BOND, J., absent. *Page 290